Application of ALTERMAN TRANSPORT LINES, Inc.

No. 5648-CCT.

Railroad & Public Utilities Commission.

June 30, 1959.

J. B. Rodgers, Jr., Orlando, for applicant.

John M. Allison, Tampa, for protestants Central Truck Lines, Inc., Tamiami Trail Tours, Inc., Great Southern Trucking Co., M. R. & R. Trucking Co., Overseas Transportation Co., South Florida Freightways, and Fogarty Bros. Transfer, Inc.

A. Pickens Coles, Tampa for protestants Central Truck Lines, Inc., Tamiami Trail Tours, Inc., Great Southern Trucking Co., M. R. & R. Trucking Co., Overseas Transportation Co., South Florida Freightways, Fogarty Bros. Transfer, Inc., and Rasdale Armored Car Service, Inc.

Frank J. Kelly, Miami, for protestants Miami Transfer Co., Inc., Leonard Bros. Transfer & Storage Co., R. J. Gould Trucking Co., All-Florida Transport Co., and Delivery Service, Inc.

Lewis H. Hill, III of Hill, Hill & Dickenson, Tampa, for protestants Rockana Carriers, Inc. and Redwing Carriers, Inc.

Martin Sack, Jacksonville, for protestants Petroleum Carrier Corporation, Florida Tank Lines, Inc., Ploof Transfer Company, National Trucking Company and John G. Lane Line.

W. Guy McKenzie for protestant McKenzie Tank Lines.

Chairman JERRY W. CARTER, Commissioners WILBUR C. KING and ALAN S. BOYD participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to the amended notice issued in this docket on June 10, 1959, the commission by its designated examiner, James L. Graham, Jr., held a pre-hearing conference on June 26, 1959 in the commission's hearing room at 700 So. Adams St., Tallahassee, under the provisions of section 350.631, Florida Statutes 1957.

The application of Alterman Transport Lines, Inc. for the extension of its certificate of public convenience and necessity #353, was first set for hearing on May 13, 1959 in the commission's hearing room in Miami. During the course of the hearing, a motion was made to the substantial effect that the hearing should be discontinued on the grounds that the notice issued under date of April 14, 1959 was constitutionally insufficient. The commission granted that motion and issued a subsequent notice of hearing which included a notice of a prehearing conference. That notice, dated June 5, 1959, was subsequently amended on June 10, 1959 by the issuance of a supplementary notice which changed the date for the prehearing conference to June 26, 1959.

During the conference, the examiner stated that the agreement of one or more of the parties, as might be necessary, would be sought with respect to the following subjects—

1. The necessity or desirability of amendments to the application so as to—(a) Limit it as to commodities sought to be transported; (b) Limit it as to equipment to be used; (c) Limit it as to origins and destinations between which transportation would be conducted; and (d) Designate routes to be followed.

2. Whether evidence already submitted by applicant could be made a part of the record in the hearing to be held on the amended notice.

3. Whether applicant would use prepared testimony and whether it could be submitted to protestants in advance of hearing.

4. The necessity for postponement pursuant to motions of protestants.

5. The necessity for disclosure of names of applicant's witnesses.

During the conference, certain motions were made by the attorneys for several of the protestants over the objections of the applicant and were considered by the examiner with the understanding that they would be ruled upon in this order. Among them was a motion by Mr. Allison, on behalf of the protestants which he represented, that the applicant be required to disclose in advance of the hearing the names of the witnesses to be employed by the applicant in establishing its case. Mr. Coles, on behalf of the protestants which he represented, also made a motion to postpone the hearing in order that the protestants might have more time to prepare their case. Previous motions to this effect were submitted prior to the conference by Mr. Coles and by Mr. Hill on behalf of their respective clients. Further motion was submitted orally by Mr. Allison on behalf of the protestants represented by him that the application should be dismissed on the grounds that it is an application to transport general commodities as a common carrier and that it fails to state the routes or schedules intended to be followed in the transportation of such commodities.

The applicant agreed to amend its application so as to except from the authority sought in the application the following—

(1) All commodities in bulk, dry or liquid, whether in tank trucks, seal tanks, or other types of vehicles. (2) New and used automobiles and trucks. (3) Any bakery products manufactured or baked in the state of Florida. (4) Articles which because of their size, weight, or bulk, require special equipment or special handling, commonly known as heavy hauling. (5) Household goods under such conditions as provided in rule 5.401 of this commission. Crated household goods may be transported to retail and wholesale groceries and food business houses for sale to the public. (6) Garments on hangers. (7) Articles of extreme or unusual value, including jewelry and currency. (8) Explosives A & B. (9) Fertilizer and fertilizer products in bags in truckload lots and except insecticides and pesticides in bags or in containers in truckload lots. (10) Ice.

The applicant further agreed to amend its application so as to delete from it the phrase—"between all points in Florida over irregular routes," and to insert, in lieu thereof, the following—

"to or from retail or wholesale groceries and food business houses, and for such establishments, to, from, or between public warehouses."

As to the other matters proposed by the examiner for consideration at the conference, no agreement was reached between the protestants and the applicant.

In consideration of the foregoing, it is, therefore, ordered that the several motions referred to hereinabove be, and the same are, hereby denied and the application heretofore made by Alterman Transport Lines, Inc., be, and the same is, hereby amended in accordance with the agreement of the applicant as stated above.